**SIGNED THIS: January 12, 2010**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| SHERRY K. LANE, | ) | |
| | ) | Case No. 08-73187 |
| Debtor. | ) | |

**O P I N I O N**

Before the Court is a Trustee's Motion for Turnover and a Trustee's Objection to Claim of Exemption. Jeffrey D. Richardson, Trustee, seeks the turnover of a bonus received by the Debtor from her employer which she neither disclosed nor claimed as exempt on her original schedules. The Debtor now claims a portion of the bonus exempt under the Illinois Wage Deduction Act ("IWDA"). The Trustee objects to the claim of exemption under the IWDA, asserting that the IWDA does not provide for a general exemption for wages which may be claimed in a bankruptcy case. For the reasons set

-1-

forth below, the Trustee's Objection to Exemption will be sustained and the Debtor will be ordered to turn over the portion of the bonus not exempt under her "wild card" exemption.

The Debtor, Sherry Lane, filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on December 30, 2008. Following the meeting of creditors, the Trustee filed his Motion for Turnover.  The Trustee alleged that the Debtor received a bonus in the net amount of $2967 from her employer on December 30, 2008, and that she had not claimed the funds as exempt.  The Trustee sought an order directing the Debtor to turn over the entire net bonus.

The Debtor responded to the Trustee's Motion for Turnover by amending her bankruptcy schedules.  The Debtor disclosed the net bonus on an amended Schedule B and, on an amended Schedule C, claimed $445.05 of the bonus as exempt under her remaining "wild card" exemption and $2,521.95 of the bonus as exempt under the IWDA.  *See* 735 ILCS §5/12-101(b); 735 ILCS §5/12-803.  As set forth above, the Trustee objects to the Debtor's claim of exemption under the IWDA on the grounds that the IWDA is not a general exemption statute available to a debtor in bankruptcy.

A hearing on the Motion for Turnover and Objection to Claim of Exemption was held on March 26, 2009.  At the hearing, the parties acknowledged a split of authority in the bankruptcy courts of the Central District of Illinois on the issue of whether the IWDA

creates a general exemption which allows a debtor to exempt wages earned pre-petition but paid post-petition.  Chief Judge Thomas L. Perkins, sitting in the Peoria Division of the Central District, ruled in In re Thum, 329 B.R. 848 (Bankr. C.D. Ill. 2005), that the IWDA did not create a general exemption available to a debtor in bankruptcy.  Judge Gerald D. Fines, sitting in the Danville Division of the Central District, ruled in In re Koeneman, 2009 WL 413082 (Bankr. C.D. Ill. Feb. 18, 2009), that the Act does create just such an exemption.  By reason of the fact that Judge Fines' Koeneman decision was on appeal to the District Court at the time of the hearing in this case, the parties elected to defer action on the pending matters until the appeal was decided.  On July 29, 2009, Chief District Judge Michael P. McCuskey reversed the Bankruptcy Court's decision in Koeneman.  The District Court held that the IWDA's statutory cap on the percentage of a debtor's wages that may be garnished does not create a general exemption which may be claimed by a debtor in bankruptcy.  In re Koeneman, 410 B.R. 820, 827 (C.D. Ill. 2009).

A status conference was held on the matters pending in this case on October 8, 2009.  At that hearing, the Debtor adhered to her original position that her net bonus was fully exempt and argued that Judge McCuskey's decision in Koeneman was not binding on this Court.  The parties agreed to brief the issue of whether a decision of a single district judge in a multi-judge district

establishes binding precedent upon all bankruptcy judges within the district.  With the briefs having been submitted, all matters before the Court are now ready for decision.

The issue of the binding nature of a decision of a single district judge in a multi-judge district on the bankruptcy judges of the district has been the subject of a significant number of cases.  *See* Paul Steven Singerman & Paul A. Avron, *Of Precedents and Bankruptcy Court Independence*, Am. B. Inst. J. (July/August 2003).  The debate focuses on the doctrine of *stare decisis*, which provides that "lower courts are bound by the precedential authority of cases rendered by higher courts." Miller v. U.S., 868 F.2d 236, 241 (7th Cir. 1989).  In order "for a court to be bound by another court under the doctrine of *stare decisis*, it must be 'inferior' to the court that issued the purportedly binding decision." In re Shattuc Cable Corp., 138 B.R. 557, 565 (Bankr. N.D. Ill. 1992).

Some courts have held that bankruptcy courts are "inferior" courts for purposes of *stare decisis* because bankruptcy courts are Article I courts, and appeals from Article I courts are taken to Article III courts.[1]  *See* In re Shunnarah, 273 B.R. 671, 672 (M.D.

---

[1] Bankruptcy courts were established by Congress pursuant to its express authority under Article I of the Constitution to legislate with reference to the subject of bankruptcies and its implicit authority to establish appropriate tribunals to administer the bankruptcy laws.  District courts derive their power from Article III of the Constitution which provides for life tenure, subject to good behavior, and protection against diminution of salaries.  *See* In re Lathrop, 49 B.R. 885, 888 (Bankr. N.D. Ill. 1985).

Fla. 2001); In re Phipps, 217 B.R. 427, 430 (Bankr. W.D.N.Y. 1998) ("[A]ny court whose decisions . . . are subject to reversal by a single judge on another court is 'inferior' to the reversing court for *stare decisis* purposes."). A number of courts, however, have found that a bankruptcy court is not an "inferior" court for purposes of *stare decisis*, but rather constitutes a "unit" of the district court. See In re Baker, 264 B.R. 759, 763 (Bankr. M.D. Fla. 2001); Shattuc Cable Corp., 138 B.R. *at* 565-66; In re Gaylor, 123 B.R. 236, 241-43 (Bankr. E.D. Mich. 1991). These courts rely on 28 U.S.C. §151, which provides that "the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for the district." Because bankruptcy courts are units of the district court, they are not inferior courts for purposes of *stare decisis*.

Further, it is important to note that district court decisions are not binding on other district judges within a district. In re Abernathy, 150 B.R. 688, 693 n.7 (Bankr. N.D. Ill. 1993). In other words, "there is no such thing as 'the law of the district'." Threadgill v. Armstrong World Industries, Inc., 928 F.2d 1366, 1371 (3d Cir. 1991). Because district court decisions do not bind other district judges within the same district, some courts conclude that they are not binding on bankruptcy courts either. *See, e.g.* In re Eiland, 170 B.R. 370, 378 (Bankr. N.D. Ill. 1994). As one district judge explained:

-5-

> Bankruptcy court decisions are reviewed by different district judges. As a result, the issue of whether the bankruptcy court is bound to follow decisions of the district court within its district cannot arise in any meaningful context. The issue arises only on an appeal from the bankruptcy court. The substantive issue is placed before this district judge who is not bound by other district court decisions.

In re KAR Development Associates, L.P., 180 B.R. 629, 640 (D. Kan. 1995).

After consideration of the relevant authority cited by both parties, this Court concludes that it is not bound by Judge McCuskey's decision in Koeneman. This Court believes that the better view is that bankruptcy courts are "units" of the district court for purposes of *stare decisis*. Additionally, this Court is persuaded by the case law that would limit the binding nature of Koeneman on this Court because it was decided in a different division of this District which is outside the direct chain of appeal of decisions from this Court.[2]  See In re Hubbard, 23 B.R. 671, 673 (Bankr. S.D. Ohio 1982).

Notwithstanding the Court's conclusion that it is not bound by the decision of Judge McCuskey in Koeneman, the Court recognizes that the decisions of district judges within a district are

---

[2] The Central District of Illinois is divided into three divisions - Urbana/Danville, Springfield, and Peoria. At least one district judge and one bankruptcy judge sit in each division. Absent a conflict, an appeal from the bankruptcy court in a particular division is assigned to a district judge in that same division.

"entitled to substantial deference." In re Stafford Pool & Fitness Center, 252 B.R. 627, 631 (Bankr. D.N.J. 2000); Shattuc Cable Corp., 138 B.R. at 567 ("In the interests of comity and uniformity, this Court strongly believes that the bankruptcy courts should give deference to and seek to follow the decisions of the district court judges..."). Thus, although this Court is not required by the doctrine of *stare decisis* to follow Koeneman, the Court nevertheless adopts the views expressed by Judge McCuskey in Koeneman and Judge Perkins in Thum and holds that the IWDA does not create a general exemption applicable in bankruptcy cases to earned but unpaid wages.

Both Koeneman and Thum look to the plain language of the IWDA which provides protection for unpaid wages. Koeneman and Thum both note that the exemption provided in this statute is limited to funds "subject to collection under a wage deduction order" and contrast this language with the unequivocal protection against any and all debt collection mechanisms found in other exemption statutes. Koeneman, 410 B.R. at 824; Thum, 329 B.R. at 853-54. *See, e.g.*, 735 ILCS §5/12-1001 (covered personal property "is exempt from judgment, attachment, or distress from rent[.]"); 735 ILCS §5/12-1006 (certain retirement plans are "exempt from judgment, attachment, execution, distress for rent, and seizure for satisfaction of debts..."); 820 ILCS §305/21 (workers compensation awards shall not "be assignable or subject to any lien, attachment

or garnishment or be held liable in any way for any lien, debt, penalty or damages..."); 215 ILCS §5/238(a) (certain life insurance proceeds are "exempt from execution, attachment, garnishment or other process, for the debts or liabilities of the insured..."); 735 ILCS §5/12-901 (homestead "exempt from attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes...").

Koeneman also rejected the argument that a 2008 amendment to the "Supplemental Proceedings" section of 735 ILCS §5/2-1402 evidences an intent by the Illinois legislature to create a general exemption applicable to earned but unpaid wages. The amendment provides as follows:

> If the court determines that any property held by a third party respondent is wages pursuant to Section 12-801, the court shall proceed as if a wage deduction proceeding had been filed and proceed to enter such necessary and proper orders as would have been entered in a wage deduction proceeding including but not limited to the granting of the statutory exemptions allowed by Section 12-803 and all other remedies allowed plaintiff and defendant pursuant to Part 8 of Article 12 of this Act.

735 ILCS §5/2-1402(k-5). Koeneman concluded that the purpose of this amended section was merely to "reinforce the 15% limit on the amount of wages that a court can order to be turned over to a creditor in the absence of a wage deduction order." 410 B.R. *at* 826. Koeneman finds that there is no language in the IWDA or the Supplemental Proceedings provisions which suggests that these statutes were intended to apply outside the context of state court

judgment collection proceedings. Moreover, there is no legislative history to suggest that the provisions are applicable in bankruptcy proceedings. Id.

Debtor argues that inclusion in the property of the estate of a debtor's earned but unpaid wages as of the date of filing as compelled by Koeneman and Thum contravenes the Bankruptcy Code's policy of affording honest but unfortunate debtors a "fresh start." Many debtors live paycheck to paycheck and the loss of income from just one pay period could cause a debtor and his or her dependents to go without food, shelter, or other basic necessities. The remedy, if any, for this problem is, however, legislative rather than judicial. Congress has allowed individual states to determine the exemptions which their residents may claim in bankruptcy cases. *See* 11 U.S.C. §522(b). The Illinois legislature has limited the exemptions which may be claimed in bankruptcy cases by Illinois residents to those provided by Illinois law. *See* 735 ILCS §5/12-1201. Because Illinois does not have an express general exemption for the wages that the Debtor here claims as exempt, this Court cannot allow such an exemption simply because such an exemption might arguably further the "fresh start" policy of the Bankruptcy Code.

Notwithstanding the fact that this Court cannot allow the Debtor's claim of exemption under the IWDA based on policy considerations, the Trustee should consider those same policies in

deciding in any particular case whether to pursue collection of wages from a debtor.  A Chapter 7 trustee may - and this Court would suggest should - abandon property which is burdensome to the estate or of inconsequential value and benefit to the estate.  *See* 11 U.S.C. §554(a).  This Court has previously expressed concern about the pursuit of modest assets which ultimately provide no meaningful distribution to unsecured creditors.  Thus, although the Court holds that wages earned pre-petition but paid post-petition are not exempt under the IWDA and, therefore, the Trustee may compel turnover of such wages as property of the estate, nothing in this Opinion should be construed as suggesting that the Trustee should routinely seek turnover of such wages.  Turnover of a debtor's wages should only be sought when the benefit to the estate and, specifically, to unsecured creditors is actually meaningful and not inconsequential.

   For the foregoing reasons, the Trustee's Objection to Claim of Exemption will be sustained and the Trustee's Motion for Turnover will be allowed.

   This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

   See written Order.

###